Yu Ying LIN, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40368.**

United States Court of Appeals, Second Circuit.

Aug. 9, 2005.

Gary J. Yerman, New York, N.Y. (on submission), for Petitioner.

Owen P. Martikan, Assistant United States Attorney (JoAnn M. Swanson, Chief of the Civil Division), for Kevin V. Ryan, United States Attorney for the Northern District of California, San Francisco, CA (on submission), for Respondent.

Present: CALABRESI, RAGGI, Circuit Judges, and COTE, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is **DENIED**.

Petitioner Yu Ying Lin ("Lin"), a citizen of the People's Republic of China, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying her motion for reconsideration of its prior decision affirming an Immigration Judge's ("IJ") denial of her application for political asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented in the petition for review.

We review the BIA's denial of a motion for reconsideration for abuse of discretion. *See Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). A motion to the BIA for reconsideration of one of its prior decisions must, in order to be granted, point out "errors of fact or law in the prior Board decision." 8 C.F.R. § 1003.2(a) & (b) (2005); *see also Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001); *In re Cerna,* 1991 WL 353528, 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991) (explaining that a motion for reconsideration "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked"). Most of the arguments raised by Lin in support of her petition for review do not meet this standard. Lin's numerous claims as to the dubiousness of the IJ's findings on the merits of her application are not before us, and therefore we can say nothing about them. *Cf. Kaur v. Board of Immigration Appeals,* 413 F.3d 232, 233–34 (2d Cir. 2005) (per curiam).

The sole contention made by Lin that might be described as an alleged "error[ ] of fact or law" in the BIA's decision on appeal is that much of her direct testimony before the IJ was, erroneously, not placed on the record. But, as the Government points out, this claim was not made to the BIA in Lin's motion for reconsideration, and therefore we may not review the issue. *See Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004).

We have considered all of Lin's claims and find them to be without merit. The petition for review is therefore **DENIED**.

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.